UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
MAURICE LUFTIG,
individually and on behalf of all others
similarly situated,

                Plaintiff,          **MEMORANDUM AND ORDER**
  -against-                         13-CV-4313 (FB) (VVP)

RICHARD SOKOLOFF,

                Defendant.
----------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                         *For the Defendant:*
MICHAEL KORSINSKY              ROBERT L. ARLEO
Korsinsky & Klein LLP             380 Lexington Avenue, 17th Floor
2926 Avenue L                           New York, NY 10168
Brooklyn, NY 11210

**BLOCK, Senior District Judge:**

      Plaintiff Maurice Luftig ("Luftig") brings this putative class action against defendant Richard Sokoloff ("Sokoloff"), alleging that Sokoloff violated the Fair Debt Collection Practices Act ("FDCPA") when he sent a debt collection letter to Luftig. Both parties now move for summary judgment. For the reasons that follow, both motions are denied.

**I.**

      "The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). An issue of fact is genuine if the "evidence is such that a reasonable jury could return a judgment for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The FDCPA prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). This provision has been interpreted by the Second Circuit to require "some degree of attorney involvement" before an attorney sends a debt collection letter. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir. 2003); *see also Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir. 1993) ("[T]he use of an attorney's signature on a collection letter implies that the letter is 'from' the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent.").[1]

Here, the parties do not dispute that on May 29, 2013, Lenox Hill Hospital ("Lenox Hill") electronically sent a file to Sokoloff containing details of a debt

---

[1]In *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005), the Second Circuit carved out a limited exception to this rule, holding that an attorney may send a debt collection letter without first conducting a meaningful attorney review provided that the attorney includes a disclaimer making it clear that the attorney is not, at the time of the letter's transmission, acting as an attorney. *See id.* at 364. Here, it is undisputed that Sokoloff did not include a *Greco* disclaimer in his letter, and so the exception is inapplicable to this lawsuit.

2

allegedly owed to Lenox Hill by Luftig's daughter. The file included: (1) the name, address, date of birth, and phone number of Luftig's daughter; (2) the name, address, date of birth, and phone number of Luftig, who was listed as the responsible party; (3) the date of the medical service performed and a brief description of the service; (4) the name of the doctor who performed the medical service; (4) the outstanding balance; and (5) the Lenox Hill account number of Luftig's daughter. Based on this information, on May 30, 2013, Sokoloff sent a debt collection letter to Luftig advising him that he was liable to Lenox Hill for his daughter's debt. The letter was sent on attorney letterhead and signed by "Richard Sokoloff, Esq."

However, material issues of fact preclude summary judgment on whether Sokoloff violated the FDCPA. In *Miller*, the Second Circuit made clear that a determination of whether an attorney had conducted meaningful review is a fact-intensive analysis, turning on such questions as "precisely what information the affiants reviewed, how much time was spent reviewing plaintiff's file, and whether any legal judgment was involved with the decision to send the letters." *Id.* at 307. Here, factual questions remain as to (1) how much time Sokoloff spent reviewing the file and what exactly that review entailed; (2) whether Sokoloff exercised any legal judgment before sending the letter; and (3) the nature of Sokoloff's relationship with Lenox Hill, and whether that relationship obviated the need to conduct a more detailed review of the file

3

provided by Lenox Hill. Accordingly, both Luftig and Sokoloff's motions are denied.

**SO ORDERED**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 12, 2015