UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x   No. 13-CV-04313(FB)(VVP)

MAURICE LUFTIG,

                            Plaintiff

      -against-


RICHARD SOKOLOFF,



                           Defendant
---------------------------------------------------------------x

## DEFENDANT'S PROPOSED JURY CHARGES

    Pursuant to Rule 51 of the Federal Rules of Civil Procedure Defendant RICHARD SOKOLOFF, by his undersigned counsel, ROBERT L. ARLEO, ESQ., hereby submits the following proposed jury instructions. The Defendant requests that the Court give the following instructions to the jury together with such other instructions as may be determined by the Court:

    STATEMENT OF CLAIM

    With the general instructions in mind, we now consider the Plaintiff's claim in this action.

    The Plaintiff claims that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA") via his attempts to collect a medical debt which was owed by the Plaintiff pursuant to an anesthesiology procedure which was provided to the Plaintiff's daughter by Lenox Hill Medical Anesthesiology, PLLC ("LHMA"). After a portion of the bill was paid by the Plaintiff's insurance carrier a balance of $1,500.00 remained due and owing. The Defendant represents

LHMA and attempts to collect alleged outstanding medical debts which are owed to LHMA by consumers. In the attempt to collect the balance owed the Defendant sent a collection letter dated May 30, 2013 to the Plaintiff. You will see the collection letter after the commencement of trial.

The FDCPA regulates the manner via which a debt collector may attempt to collect a debt from a consumer. The FDCPA applies to debts which were incurred for personal, family or household purposes. The FDCPA does not apply to commercial or business debts. There is no dispute between the Plaintiff and the Defendant that the debt was incurred for personal and family purposes. The FDCPA is a strict liability statute. A debt collector need not intend to violate the FDCPA for a consumer to be entitled to statutory damages in an amount ranging from zero dollars to $1,000.00. Although the FDCPA also allows for additional damages the Plaintiff seeks only statutory damages from the Defendant.

The FDCPA prohibits the use of any false, deceptive and or misleading debt collection tactics. The letter which the Defendant sent to the Plaintiff included the following statement:

> "I HAVE BEEN RETAINED BY MY CLIENT TO OBTAIN PAYMENT OF AN OUTSTANDING OBLIGATION AS INDICATED ABOVE."

The letter also contained a statement indicating that the Defendant was a debt collector.

The Plaintiff alleges that the letter sent by the Defendant was false and deceptive because no attorney reviewed the file regarding the Plaintiff's alleged debt, analyzed the content thereof, or determined that there was a good-faith basis for requesting payment from the Plaintiff. The Plaintiff claims that there was no meaningful involvement by any attorney acting as an attorney in connection with the letter. The Plaintiff alleges that a "least sophisticated consumer", upon reading the letter, may reasonably believe that an attorney reviewed his file and determined

that he is a candidate for legal action based upon such review.

The Defendant denies that he violated the FDCPA as the Plaintiff claims. The Defendant will testify and claim that he did review information regarding the subject debt before the letter was mailed to the Plaintiff. The Defendant will testify that the information which he reviewed came from an electronic file that was forwarded to his law office. The file contained the names of the Plaintiff and his daughter, their addresses and telephone numbers, the daughter's date of birth, the date the medical services were rendered to the Plaintiff's services, the name of the treating doctor, a synopsis of the medical services rendered, the fact that the Plaintiff had an Oxford insurance policy which was presented before the medical services were rendered and the monetary balance outstanding. The Defendant will testify that this information was loaded into a computer and the letter was generated. The Defendant will testify that he then reviewed the letter for accuracy and hand-signed the letter which was then mailed directly from his law office to the Plaintiff.

HOW THE FDPCA WORKS

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. 1692 *et seq.* It is designed to protect consumers from unscrupulous debt collectors, whether or not there exists a valid debt. *Baker v. GC Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA (in part) broadly prohibits the use of false, deceptive and misleading representations in attempt to collect a debt (15 U.S.C. § 1692e).

The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage. 15 U.S.C. § 1692e. *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051 (8th Cir. 2002); *Passafiame v. NRA Group, LLC*, 274 F.R.D.

424 (E.D.N.Y. 2010). The FDCPA was enacted to protect consumers from unfair, harassing and deceptive collection practices without imposing unnecessary restrictions on ethical debt collectors. *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007). However, the FDCPA was not enacted to be used as a tool by consumers to avoid paying legitimate debts.

In evaluating a claim for violation of the FDCPA, a court must use an objective standard based upon whether the "least sophisticated consumer" would be deceived by a statement made in a collection communication. *Maguire v. Citicorp. Retail Servs.*, 147 F.3d 232, 236 (2d Cir. 1998). The least sophisticated consumer standard is designed to protect consumers while, at the same time, protecting debt collectors from bizarre or idiosyncratic interpretations of statements made in collection communications. Even the "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). Furthermore, consumers are capable of making logical deductions based upon statements made in debt collection communications. *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509 (7th Cir. 2004).

The FDCPA prohibits a debt collector from using any false, deceptive or misleading means in connection with the collection of any debt. 15 U.S.C. § 1692e. However, FDCPA case law makes clear that a plaintiff alleging a § 1692 "e" violation must demonstrate that the statements allegedly giving rise thereto were "material." A statement cannot mislead the least sophisticated consumer unless it is material, so a false but not material statement is not actionable under the FDCPA. *Gabriele v. American Home Mortgage Service, Inc., 503 Fed. Appx. 89, 94 (2d Cir. 2012); Wahl v. Midland Credit Mgmt.*, 566 F.3d 643, 646 (7th Cir. 2002); *Jensen v. Pressler &*

*Pressler*, 791 F.3d 413 (3rd Cir. 2015); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Wallace v. Washington Mut. Bank*, 683 F.3d 323, 326 (6th Cir. 2012); *Donohue v. Quick Collect*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Warren v. Sessoms & Rogers*, 676 F.3d 365 (4th Cir. 2012). An immaterial statement or immaterial information does not constitute an FDCPA violation as such statements do not contribute to the objective of the FDCPA. *Hahn v. Triumph P'ships, LLC*, 557 F.3d 755 (7th Cir. 2009); *Lane v. Fein, Such & Crane*, 767 F.Supp.2d 383 (E.D.N.Y. 2011; *Klein v. Solomon & Solomon, P.C.*, 2011 U.S. Dist. LEXIS 127606 (D. Conn.); *Broughman v. Chiari & Ilecki, LLP*, 2012 U.S. Dist. LEXIS 166658 (W.D.N.Y.).

THE FDCPA ISSUES IN THIS CASE

The FDCPA does not contain any provision which dictates what an attorney must review before sending a collection letter on behalf of a client. The FDCPA does not contain any provision which dictates how a lawyer must interact with his client. The FDCPA does not mandate a "meaningful review" of a file by an attorney but rather simply prohibits the false representation or implication that any individual is an attorney or that any communication is from an attorney. *Musah v. Houslanger & Assocs., PLLC,* 12 Civ. 3207, 2012 U.S. Dist. LEXIS164292 (S.D.N.Y.)

Nothing in the plain language of the FDCPA refers to meaningful attorney involvement or meaningful attorney review. The FDCPA was not passed by Congress as a means to regulate the practice of law or to dictate the relationship or the work flow between a client and a collection attorney. However, the use of an attorney's signature on a collection letter implies that the letter is "from" the attorney and that he directly controlled or supervised the process through which the

5

letter was sent. The use of an attorney's signature on a collection letter implies that the attorney formed an opinion about how to manage the case of the debtor to whom the letter was sent. The ultimate professional judgment concerning the existence of a valid debt is reserved to the lawyer.

An attorney's familiarity with his client's practices directly affects the amount of information that must be reviewed in order for an attorney to make a determination that a debt is owed. The better the familiarity with the client's practices the more an attorney can rely upon a claim by his client that a debt is owed.

The filing of a lawsuit by an attorney, without the immediate needs of proving the debt, is not a violation of the FDCPA. *Eades v. Kennedy, PC Law Office*, 2015 U.S. App. 9295 (2nd Cir.). You may consider this fact when considering whether the Defendant Sokoloff violated the FDCPA in conjunction with the letter sent to the Plaintiff. Furthermore, there is no obligation on a debt collector to verify a debt prior to sending a collection letter.

A letter written on a law firm's letterhead is insufficient to imply that litigation is imminent without language in the letter which refers to legal action or the possibility of legal action. *Nichols v. Frederick J. Hanna & Associates,* 760 F. Supp. 2d 275, 279-80 (N.D.N.Y. 2011); *Nero v. Law Office of Sam Street, P.L.L.C.*, 655 F. Supp. 2d 200, 209 (E.D.N.Y. 2009)(finding that the mere fact that a letter was sent from a law firm does not amount to a threat to litigate, particularly in the absence of threatening statements of any kind.)

The Defendant respectfully requests that the Court reserve consideration of jury instructions regarding the formula for determining statutory damages which may be awarded pursuant to the FDCPA only upon a finding that the Defendant violated the FDCPA. Instructions in regard to the formula for determining statutory damages which may be awarded could be perceived by the

6

members of the jury as an implication that the Court agrees with the Plaintiff's claim that the

Defendant violated the FDCPA.


DATED: New York, New York
        September 24, 2015


                                                                   / s /  *Robert L. Arleo*
                                                                   ROBERT L. ARLEO, ESQ.
                                                                   Attorney for the Defendant
                                                                   380 Lexington Avenue
                                                                   17th Fl.
                                                                   New York, New York
                                                                   10168
                                                                   (212) 551-1115


TO: KORSINSKY & KLEIN, LLP
     2926 Avenue L
     Brooklyn, New York   11210