UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAURICE LUFTIG,

                13-cv-4313 (FB) (VVP)

       Plaintiff,

 - against -          PLAINTIFF'S PROPOSED
                JURY INSTRUCTIONS

RICHARD SOKOLOFF, ESQ.,

       Defendant.
-------------------------------------------------------------X

   Plaintiff Maurice Luftig, by his attorneys Korsinsky & Klein, LLP, submits the following as his proposed instructions with respect to liability under the Fair Debt Collection Practices Act:

### PROPOSED JURY INSTRUCTION

   1. "Congress enacted the FDCPA in 1977 to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." It bans the making of false representations by debt collectors and is enforceable via private suits.[1] Under the Act, "a debt collector may not 'use false, deceptive, or misleading representation or means in connection with the collection of any debt.' [15 U.S.C.] § 1692e. In this regard, such proscribed conduct includes, but is not limited to: . . . using any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer, see id. § 1692e(10)."[2]

   2. "To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. The Act 'is a strict liability statute, and the

---

[1] *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 559 U.S. 573, 578-79 (2010).

[2] *Ritter v. Cohen & Slamowitz, LLP*, 2015 U.S. Dist. LEXIS 97459, at *7-8 (E.D.N.Y. July 24, 2015) (Spatt, J.).

degree of a defendant's culpability'" is not relevant on the issue of whether the defendant is liable.[3]

3.  Here, Defendant Richard Sokoloff is a "debt collector" under the statute because he "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another",[4] and the debt he attempted to collect was a "debt" under the Act because it was an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes".[5]

4.  "Whether a collection letter is false, deceptive, or misleading under the FDCPA is determined from the perspective of the objective least sophisticated consumer." "Under this standard, collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate."[6]

5.  A lawyer may be a debt collector under the Act, as is the case with Mr. Sokoloff. Specific rules apply to a lawyer's attempts to collect debts. Under the Act, a collection lawyer who sends a collection letter when she has not been meaningfully involved in the matter does not violate the Act but only if the letter includes "disclaimers that should make clear even to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of

---

[3] *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (quoting *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d Cir. 1993) (internal citation omitted). The quotation continues: ". . . may only be considered in computing damages", (citing *inter alia*, 15 U.S.C. § 1692k(b)), but as noted below, *infra* at 6, the determination of statutory damages is for the Court, not the jury.

[4] 15 U.S.C. § 1692a(6).

[5] 15 U.S.C. § 1692a(5). A "consumer" is a "natural person". 15 U.S.C. § 1692a(3).

[6] *Eades v. Kennedy, PC Law Offices*, 2015 U.S. App. LEXIS 9295, at *19 (2d Cir. June 4, 2015) (quoting *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (quotation marks omitted)).

the letter's transmission, acting as an attorney.[7] Such attorneys who include in their letters language such "'at this time, no attorney with this firm has personally reviewed the particular circumstances of your account'" have not violated the Act.[8]

6. But because the Letter in this case contained no such disclaimers, Mr. Sokoloff must have had "'meaningful attorney involvement' to avoid violating section 1692e [of the Act], which is not satisfied where attorney is merely told by client that debt is owed".[9]

7. As one court has said, "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the consumer, to the attorney, who is better positioned to get the debtor's knees knocking".[10] It is for this reason that a lawyer who sends a collection letter without a statement saying that the lawyer's personal involvement in the matter is limited violates the Act if she has failed to make an independent, professional judgment that sending the letter is appropriate.

8. In this case, the Letter contained no statement by Mr. Sokoloff that his review of information concerning Mr. Luftig was limited before he decided to send the Letter. Accordingly, his sending the Letter violated the Act unless you find that he exercised an independent professional judgment that Mr. Luftig owed money to LHMA before he sent it.[11]

9. It is for you to decide whether Mr. Sokoloff did, in fact, exercise such judgment, based upon the evidence presented to you.

---

[7] *Greco v. Traumer, Cohen & Thomas*, 412 F.3d 360, 364 (2d Cir. 2005).

[8] *Quoted at Greco*, 412 F.3d at 365.

[9] *Vincent v. The Money Store*, 736 F.3d 88, 97 n.6 (2d Cir. 2013).

[10] *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996).

[11] *Miller v. Wolpoff & Abramson*, 321 F.3d 292, 305 (2d Cir. 2003).

10. As I noted, however, the "'meaningful attorney involvement'" requirement "is not satisfied where attorney is merely told by client that debt is owed".[12]

11. The evidence is undisputed that the only information Mr. Sokoloff received from LHMA concerning Mr. Luftig before he sent the Letter was what was set forth in the Spreadsheet that he received and that this information was a single line on a spreadsheet that contained 353 entries. It is undisputed that Mr. Sokoloff reviewed the information concerning Mr. Luftig and his adult daughter Michelle, who actually received the services of LHMA, by viewing it on a computer monitor. It is also undisputed that before he sent the Letter Mr. Sokoloff made no inquiries of LHMA with respect to Mr. Luftig and that of the 353 names on the Spreadsheet, Mr. Sokoloff sent collections letters to all but two and that he did not send letters to those two solely because they resided in states to which Mr. Sokoloff as a practice did not send collection letters.

12. Among the information you need to consider in deciding whether Mr. Sokoloff exercised an independent professional judgment, that is, the judgment of an attorney, before sending the Letter to Mr. Luftig is whether Mr. Sokoloff knew whether Mr. Luftig had filed for bankruptcy protection, whether there were any inconsistencies or incompleteness in LHMA's file with respect to Mr. Luftig, and whether Mr. Luftig was in fact the correct debtor although the services were rendered to his adult daughter.[13] In deciding whether Mr. Sokoloff exercised an independent professional judgment, you may also consider the fact that the only persons on the Spreadsheet to whom he did not send letters were people who lived in states to which Mr. Sokoloff did not, as a rule, send letters.

---

[12] *Vincent v. The Money Store*, 736 F.3d at 97 n.6.

[13] *Miller v. Wolpoff & Abramson*, 321 F.3d at 305.

4

13. It is undisputed that Mr. Luftig was not the person who received the services from LHMA and that Michelle Luftig was an adult when she received them. Accordingly, for Mr. Luftig to be liable to LHMA for any debt incurred by his daughter, New York requires that Mr. Luftig have undertaken that obligation in writing signed by him.[14]

14. It is undisputed that Mr. Sokoloff did not ask LHMA for any information about Mr. Luftig before he sent the Letter, which means he did not ask to see a writing signed by Mr. Luftig by which he agreed to pay for services rendered to Michelle Luftig. You may consider whether Mr. Sokoloff's failure to request such a writing in and of itself means that Mr. Sokoloff did not exercise an independent professional judgment concerning Mr. Luftig's personal responsibility to LHMA before he sent the Letter in which case you will find that he violated the Act.

15. If you find that Mr. Sokoloff was not meaningfully involved as a professional with considering and assessing the obligation allegedly owed by Maurice Luftig for the services performed by LHMA for Michelle Luftig before he sent the Letter to Mr. Luftig, you must find that he violated the Act.

---

[14] N.Y. Gen. Oblig. Law § 5-701(a)(2).

## The Determination of Damages Is for the Court

Because Mr. Luftig is not seeking to recover actual damages, the determination of statutory damages is not for the jury but for the Court.[15] Section 1692k(b)(1) provides that:

> (b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors –
>
> (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

Dated: Brooklyn, New York
September 23, 2015

                                                  KORSINSKY & KLEIN, LLP

                                                  By: */s/ Joseph P. Garland*
                                                  Joseph P. Garland
                                                  2926 Avenue L
                                                  Brooklyn, New York  11210
                                                  212-495-8133
                                                  *Attorneys for Plaintiff*

---

[15] *Padilla v. Payco Gen. Am. Credits, Inc.*, 161 F. Supp. 2d 264 276-77 (S.D.N.Y. 2001).